In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening and Extending Clarendon Road from East Fortieth Street to East Forty-ninth Street and from Kings Highway to the Junction of Ralph Avenue and Ditmas Avenue, in the Borough of Brooklyn, City of New York.

LOESCH GANZ REALTY CO., INC., Appellant; BROOKLYN UNION GAS COMPANY and THE CITY OF NEW YORK, Respondents.

Second Department, May 27, 1938.

*Lester Samuels* [*Maxwell V. Lovins* with him on the brief], for the appellant.

*Elizabeth Stern* [*Augustus J. Wheeler* with her on the brief], for the respondent Brooklyn Union Gas Company.

PER CURIAM. The final decree in this proceeding, entered in 1931, made a substantial award, $3,671, to an unknown owner

for damage parcels Nos. 135 and 136. At the time this award was made it did not appear these damage parcels were burdened with easements of light, air and access. Subsequently and on March 21, 1933, when it was shown that the parcels were burdened with such easements, the court, on motion of the city and upon the consent of respondent Brooklyn Union Gas Company, one of the assessees, made an order reducing the award to a nominal amount. Two years thereafter, in 1935, on notice to the city but without notice to the gas company, appellant, claiming to be the owner of the damage parcels, moved to vacate the prior order and to reinstate the original award. The city and appellant then entered into a stipulation by which the city conceded title to the damage parcels was in appellant and consented to the granting of appellant's motion and to appellant's commencing an unknown owner's proceeding to " determine whether or not the Loesch-Ganz Realty Company is entitled to the award originally made in the final decree herein, and whether the said Damage Parcels 135 and 136 are subject to easements, and, if so, whether said award should be reduced." Based on this stipulation, the court, on November 14, 1935, made an order vacating the order of March 21, 1933, thus reinstating the original award of $3,671 to an unknown owner. Within a few days after the entry of the last order, appellant, again on notice to the city but without notice to the gas company, moved to direct the city to pay the award to it as the owner of the damage parcels. In its petition appellant failed to make mention of the prior proceedings, the stipulation, or of any possible outstanding easements. When the city, in opposition to that motion, contended the parcels were subject to easements, appellant urged that the city was barred from raising this question because it had stipulated to appellant's title, and on the hearing in the condemnation proceeding the court necessarily decided that the parcels were free from easements. On December 13, 1935, appellant's motion was granted. On the same day the city, on notice to the appellant but without notice to the gas company, obtained a stay of proceedings and, based on the existence of the easements, moved to vacate the final decree with respect to these damage parcels and to substitute a nominal award. Appellant opposed this motion on the same grounds it urged when the city raised the question of easements on the prior motion. On January 23, 1936, the Special Term denied the city's motion, stating that the original award appeared to rest on proper findings and on a proper theory. The denial of this motion obviously was based on the general assertions made by appellant in its affidavits, to the effect that in fixing the original award due consideration had been

given to the title and value of the damage parcels. These statements appear to have been deliberately couched in language so as to create the impression that the easement question had been considered and determined in appellant's favor. Thereafter, at appellant's request and without notice to the gas company, the order directing payment of the award to appellant was resettled by an order made January 24, 1936, so as to make minor corrections and to distribute the award among the appellant and its several attorneys who claimed to have a lien thereon.

Appellant received the award. The gas company learned of that fact only when it received notice of the additional assessment upon its property resulting from the reinstatement of the award. On January 20, 1937, the gas company, on notice to the city and appellant, then made the present application to vacate the original decree in so far as it grants a substantial award, to vacate the stipulation and subsequent orders which had been made without notice to it, and to substitute a nominal award. The Special Term, after taking proof, granted the gas company's motion.

By failing to disclose to the court the prior proceedings that were had and that the order of November 14, 1935, was made on the stipulation which expressly reserved for future determination the question as to whether or not the parcels were burdened with easements, and in failing to give the gas company notice of its applications, appellant misled the court. The proof clearly shows that the damage parcels are burdened with easements. The question of easements having been expressly reserved and never having been determined on the merits, the orders obtained without notice to the gas company and the other assessees for benefit are neither *res judicata* nor *stare decisis*. As the assessees were adversely affected by these orders, they were entitled to notice. On the facts disclosed by this record the court properly exercised its discretion in reopening the proceeding, taking proof as to the existence of easements, and vacating the original decree, the stipulation and the subsequent orders.

The order should be affirmed, with costs to respondent Brooklyn Union Gas Company.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and CLOSE, JJ.

Order unanimously affirmed, with costs to respondent Brooklyn Union Gas Company.